[Cite as *State v. Mayweather*, 2025-Ohio-1665.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| JEREZ S. MAYWEATHER | Case No. 2024 CA 00087 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
                              Common Pleas, Case No. 24 CR 233


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       May 8, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JENNY WELLS                           APRIL CAMPBELL
Licking County Prosecuting Attorney   Campbell Law, LLC
                                      6059 Franz Road, Suite 206
KENNETH W. OSWALT                     Dublin, Ohio 43017
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

*Hoffman, J.*

{¶1} Defendant-appellant Jerez Mayweather appeals the judgment entered by the Licking County Common Pleas Court convicting him following bench trial of possession of cocaine (R.C. 2925.11(A)(C)(4)(e)) and trafficking in cocaine (R.C. 2925.03(A)(C)(4)(f)), and sentencing him to a term of eight to twelve years of incarceration. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} In early 2024, Appellant had been under surveillance for several years by the Central Ohio Drug Enforcement Task Force for suspected drug trafficking activity. In the weeks and months leading up to April of 2024, officers believed Appellant and his girlfriend, Caitlyn Luckeydoo, were trafficking in narcotics. Officers suspected Appellant of transporting drugs from Chicago, Illinois, to Newark, Ohio. On March 28, 2024, officers recorded a phone call between Appellant and Michael Clark, in which they discussed trafficking in crack cocaine. Police obtained a GPS warrant for Clark's vehicle, which was being driven by Appellant. The tracker was placed on the car on March 29, 2024. Officers tracked the car traveling to and from Chicago.

{¶3} On April 8, 2024, officers observed Appellant and Luckeydoo traveling in Clark's vehicle in Licking County, Ohio. Appellant was observed making what appeared to be a hand-to-hand drug transaction in an alley. Shortly thereafter, his vehicle was stopped for making a turn without using a signal. Luckeydoo was in the passenger seat. The police officer noticed Luckeydoo was moving around a lot while sitting in the car. The officer called for backup, including a K-9 officer. The K-9 conducted an open-air drug sniff and alerted on the car. Officers found a digital scale and a traffic citation from Indiana inside the car.

{¶4} Luckeydoo was detained in the backseat of a cruiser. An officer noticed her adjusting something in her vaginal area. Luckeydoo was transported to the police station where she was sent into a restroom with a female officer. Luckeydoo admitted to the officer she had drugs in the front of her pants. Luckeydoo retrieved the drugs herself, and handed the officer a plastic bag containing both powder and crack cocaine.

{¶5} Appellant was interviewed by police. Appellant admitted he knew about the baggie of drugs which police found on Luckeydoo. Appellant asked the police to not charge Luckeydoo because she was trying to get her kids back.

{¶6} Officers executed a search on an apartment shared by Appellant and Luckeydoo. A small bag of cocaine was found in the pocket of a jacket hanging in a closet. Appellant was interviewed again after execution of the search warrant. Appellant asked how he could be charged with trafficking when he did not have drugs on him. When asked who handed the drugs to Luckeydoo, Appellant responded, "I did, but she…okay, I understand that." State's Exhibit 5E. When confronted with the fact he was selling drugs to a man named "Tony," who was the lessee of a residence where police believed Appellant stored the drugs he transported, Appellant conceded the point.

{¶7} Appellant was indicted by the Licking County Grand Jury with possession of cocaine and trafficking in cocaine, both first-degree felonies because the amount of cocaine involved equaled or exceeded twenty-seven grams, but was less than one hundred grams. The case proceeded to bench trial in the Licking County Common Pleas Court.

{¶8} Appellant testified at trial. He denied knowledge of the drugs found on Luckeydoo, claiming she was a drug addict, and the drugs belonged to her. He testified

he attempted to take the blame in his interview with police because Luckeydoo was trying to get her kids back. Appellant claimed he traveled to Chicago every three days to visit his son.

{¶9} The trial court found Appellant guilty of both possession of cocaine and trafficking in cocaine in an amount exceeding twenty-seven grams. The trial court found the charges merged, and the State elected to have Appellant sentenced for trafficking in cocaine. The trial court sentenced Appellant to eight to twelve years of incarceration. It is from the September 18, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. MAYWEATHER'S RIGHT TO A FAIR TRIAL WAS DENIED BY THE TRIAL COURT'S DECISION TO ALLOW THE STATE TO USE OTHER ACTS EVIDENCE THAT MAYWEATHER WAS A MAJOR DRUG TRAFFICKER FOR A THREE-YEAR PERIOD, IN VIOLATION OF EVID. R. 403, 404, AND THE DUE PROCESS CLAUSE.

II. THE TRIAL COURT DENIED MAYWEATHER HIS RIGHT TO A FAIR TRIAL BY FINDING HIM GUILTY BEFORE HE PUT ON HIS CASE IN CHIEF.

III. MAYWEATHER'S FIRST-DEGREE FELONY CONVICTIONS WERE LEGALLY INSUFFICIENT AS A MATTER OF LAW, BECAUSE THE STATE COULD NOT AGGREGATE THE WEIGHT OF DRUGS FOUND FROM TWO DIFFERENT SEARCHES IN TWO DIFFERENT LOCATIONS.

TO DO SO WOULD BE BOTH A STATUTORY AND CONSTITUTIONAL VIOLATION.

IV. THE EVIDENCE WEIGHED MANIFESTLY AGAINST CONVICTING MAYWEATHER OF TRAFFICKING AND POSSESSING FIRST-DEGREE FELONY QUANTITIES OF COCAINE.

I.

**{¶10}** In his first assignment of error, Appellant argues admission of evidence of his prior drug trafficking activity violated Evid. R. 404(B) and Evid. R. 403. He also argues the admission of this evidence violated the Due Process Clause because he was tried for crimes for which he was not indicted. We disagree.

**{¶11}** The trial court admitted evidence Appellant was the subject of a three-year investigation by the Central Ohio Drug Enforcement Task Force into the sale of narcotics transported by Appellant from Chicago. The evidence demonstrated a traffic citation from the State of Indiana was found in the vehicle. Evidence was admitted of a phone call on March 8, 2024, in which Appellant admitted bringing drugs into Licking County for sale. The State presented evidence a GPS tracker was placed on Appellant's vehicle pursuant to a warrant, and he was tracked traveling to and from Chicago. Appellant argues this evidence was inadmissible other acts evidence.

**{¶12}** "A trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.,* 58 Ohio St.3d 269, 271 (1991).

**{¶13}** Evid.R. 404(B) provides in pertinent part:

**(B) Other Crimes, Wrongs or Acts.**

*(1) Prohibited Uses.* Evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses; Notice.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**{¶14}** Evid.R. 403(A) provides, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

**{¶15}** "Evid.R. 404(B) categorically prohibits evidence of a defendant's other acts when its only value is to show that the defendant has the character or propensity to commit a crime." *State v. Smith*, 2020-Ohio-4441, ¶ 36. Other acts evidence may, however, be admissible for another non-character-based purpose, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B)(2). "The key is that the evidence must prove something other than the defendant's disposition to commit certain acts." *State v. Hartman*, 2020-Ohio-4440, ¶ 22.

**{¶16}** In *State v. Williams*, 2012-Ohio-5695, the Ohio Supreme Court set forth a three-part analysis for consideration of admissibility of other acts evidence:

The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R. 403.

**{¶17}** *Id.* at ¶ 20.

**{¶18}** The admissibility of other acts evidence pursuant to Evid.R. 404(B) is a question of law. *Hartman* at ¶ 22. A trial court is precluded from admitting improper character evidence under Evid.R. 404(B), but it has discretion to allow other acts evidence which is admissible for a permissible purpose. *Id.*, *citing Williams* at ¶ 17.

**{¶19}** At the outset, we note this was a bench trial. In a bench trial, the judge is presumed to consider only the relevant, material and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record. *State v. Simon*, 2021-Ohio-2738, ¶ 15 (5th Dist.). This presumption is present even if the evidence at issue was improperly admitted. *State v. White,* 15 Ohio St. 2d 146, 151 (1968). As applied to other acts evidence, in a bench trial the judge is presumed to use the evidence for its proper limited purposes. *State v. Baldwin*, 2024-Ohio-2397, ¶ 36 (12th Dist.).

{¶20}  Appellant incorrectly asserts the trial court permitted the State to introduce evidence regarding three years of drug trafficking activity by Appellant.  To the contrary, when a State's witnessed noted Appellant was part of a multi-year investigation, the trial court allowed the testimony in general, but specifically stated, "I'm not sure you can get back three years' worth of stuff." Tr. 54.  Therefore, while the trial court generally admitted evidence police had been investigating Appellant for three years, the trial court did not admit detailed evidence of three years of suspected drug trafficking activity.

{¶21}  We find evidence of Appellant's drug trafficking activity prior to April 8, 2024 was admissible for a permitted purpose under Evidence R. 404(B).  First, to the extent general information regarding the investigation was admitted, it explained the conduct of the officers in the instant case, specifically why Appellant was under surveillance on the date in question, why a K-9 officer was called to the scene, and why Luckeydoo's behavior was under close observation.

{¶22}  Further, the State was required to prove the following elements of drug trafficking:

(A) No person shall knowingly do any of the following:

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

**{¶23}** R.C. 2925.03(A)(2).

**{¶24}** In the instant case, the drugs were found on Luckeydoo. Evidence Appellant was involved in transporting drugs from Chicago to Newark for resale, and evidence he was therefore aware the drugs in Luckeydoo's possession were intended for resale, was directly relevant to prove his intent, knowledge, or plan to engage in drug trafficking, and not merely drug possession. In addition, we find the evidence was not inadmissible under Evid.R. 403, particularly in light of the presumption in a bench trial, the trial court considers the evidence only for a permissible purpose. We find the trial court did not err in admitting evidence of Appellant's prior involvement in drug activity.

**{¶25}** Finally, Appellant argues the admission of other acts evidence resulted in him standing trial for unindicted offenses, in violation of Due Process. We disagree. The evidence was merely supportive of the indicted offenses of trafficking in cocaine and possession of cocaine, and did not constitute trial and conviction for unindicted crimes.

**{¶26}** The first assignment of error is overruled.

II.

**{¶27}** In his second assignment of error, Appellant argues because trial court found him guilty prior to his presentation of his case, he was not tried by an impartial trier-of-fact. We disagree.

**{¶28}** A criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law. *State v. LaMar*, 2002-Ohio-2128, ¶ 34. Judicial bias has been described by the Ohio Supreme Court as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open

state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, paragraph four of the syllabus (1956). A judge is presumed to follow the law and not to be biased, and therefore the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 2003-Ohio-5489, ¶ 5.

**{¶29}** At the conclusion of the State's case-in-chief, Appellant moved for a directed verdict of acquittal pursuant to Crim. R. 29. After the parties argued the motion, the following colloquy occurred:

> THE COURT: All right. I agree. I –uh—find the State has met its burden here, proof beyond a reasonable doubt with respect to both charges. Uh—my calculation of these weights has it at over 27 grams. Uh – so, I'll enter guilty findings in count 1, Possession of Cocaine
>
> MR. DEPUE: Your Honor, that –
>
> MR. WOLFE: That was just the Rule 29, Your Honor
>
> MR DEPUE: Yes.
>
> THE COURT: Oh, I'm sorry. Correct. Rule 29 is overruled.

**{¶30}** Tr. 90-91.

**{¶31}** At this point in the trial, counsel called Appellant to the stand to testify, and the trial proceeded.

**{¶32}** In *State v. Wieser*, 2018-Ohio-3619 (3rd Dist.), the trial court found the defendant guilty following consideration of a Crim. R. 29 motion for directed verdict of

acquittal. After the trial court was reminded a guilty verdict was premature, the court apologized. On appeal, Wieser argued she was not tried by an unbiased tribunal. The Court of Appeals rejected Wieser's argument, finding the trial court apologized for its error, clarified it was denying the Crim. R. 29 motion, and permitted the defense to present its evidence, although Wieser elected not to present evidence. *Id.* at ¶ 24. Further, the court noted Weiser did not request a mistrial or object to proceeding with the trial on the basis the trial court was biased because of the premature finding of guilt. *Id.*

**{¶33}** While the instant case is distinguishable from Wieser in that Appellant presented evidence after the trial court's premature finding of guilty, we find this distinction to be legally insignificant. It is apparent from the record the trial court's mistake was merely a slip of the tongue. The trial court immediately apologized, corrected its error, and allowed Appellant to present his evidence. Appellant did not object or move for a mistrial. We find the record does not demonstrate Appellant was tried by a biased tribunal.

**{¶34}** The second assignment of error is overruled.

III.

**{¶35}** In his third assignment of error, Appellant argues the State presented insufficient evidence to support his convictions because the State could not aggregate the weight of the drugs found from two different searches in two different locations. He argues he could not have simultaneous constructive possession over drugs found in two different locations, and further the evidence does not support a finding the drugs exceeded a weight of twenty-seven grams because the State was not permitted to aggregate the weight of the drugs. We disagree.

{¶36} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

{¶37} Appellant's argument relies for its validity on the premise the drugs found on Luckeydoo following the traffic stop were aggregated with the drugs found in the pocket of a jacket during the search of his apartment to reach the threshold of twenty-seven grams necessary to sustain a conviction of a first-degree felony offense of possession and/or trafficking in drugs. While an officer testified he believed the charges were based on the aggregate weight of drugs found on Luckeydoo's person and the drugs found in the apartment, the record demonstrates the State presented sufficient evidence of the weight of the drugs based solely on the drugs seized following the traffic stop.

{¶38} State's Exhibit 11, the lab report from testing of the two types of cocaine (powder and crack) found on Luckeydoo after the traffic stop, demonstrates Luckeydoo was carrying 27.1169 grams of cocaine on her person at the time of the traffic stop. In finding Appellant guilty, the trial court stated it believed the drugs found in the jacket pocket could be applied; however, the court noted the amount found in the traffic stop alone met the threshold of twenty-seven grams based on State's Exhibit 11. Tr. 111-112. Because the amount of cocaine seized from the traffic stop was sufficient to meet the threshold weight of twenty-seven grams, we need not reach the issue of whether the State could legally aggregate the drugs found in both locations into a single charge, and we

need not reach the issue of whether Appellant could simultaneously constructively possess drugs in both locations.

**{¶39}** Further, to the extent Appellant argues the State failed to prove he constructively possessed the drugs found on Luckeydoo's person, we disagree. To establish constructive possession, the evidence must prove the defendant was able to exercise dominion and control over the contraband. *State v. Wolery,* 46 Ohio St.2d 316, 348 N.E.2d 351 (1976). Appellant admitted to police he gave the drugs to Luckeydoo. This was sufficient evidence to demonstrate he had constructive possession of the drugs found on Luckeydoo after the traffic stop in which she was the passenger in a car driven by Appellant.

**{¶40}** The third assignment of error is overruled.

IV.

**{¶41}** In his fourth assignment of error, Appellant argues the judgment is against the manifest weight of the evidence because there was no evidence by which the trial court could determine Appellant exercised dominion and control over drugs found at two different times in two different locations. We disagree.

**{¶42}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).

{¶43} As discussed in Appellant's third assignment of error, the trial court specifically found State's Exhibit 11, the lab report containing the test results of the two types of cocaine taken from Luckeydoo following the traffic stop, was sufficient to establish the threshold weight of twenty-seven grams. We find the trial court did not lose its way in finding Appellant possessed and trafficked in twenty-seven grams or more of cocaine based solely on the drugs seized from the traffic stop, and the judgment is not against the manifest weight of the evidence.

{¶44} The fourth assignment of error is overruled.

{¶45} The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, J.
Baldwin, P.J. and
King, J. concur